IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

  Plaintiff,

vs.

  Case No. 06-1045-JTM

BANK OF AMERICA ACCOUNT
 NUMBER 005041639105,
 STYLED AS ALAJAH FITCHPATRICK
 IN THE APPROXIMATE AMOUNT
 $10,416.58, MORE OR LESS,
  ET. AL.,

  Defendants.

MEMORANDUM AND ORDER

  This is a civil *in rem* forfeiture action by the United States against 30 defendant properties. The claims as to most of the properties have been resolved. The present motion by the government concerns Defendant No. 3, $10,937.22 in United States currency taken from Byron Fitchpatrick following a police chase through Wichita, Kansas. The only claim advanced as to Defendant No. 3 is one filed by Shatanya Fitchpatrick, purportedly on behalf of her husband, Byron Fitchpatrick. Byron Fitchpatrick never filed his own claim signed under the penalty of perjury.

  In his deposition, Byron Fitchpatrick consistently stated that although he possessed the currency on the day of seizure, the actual owner of the currency was ABS, Incorporated. He further

testified that on the day of the seizure he was neither an officer of, nor a stockholder in, ABS Rentals.

The government has moved to dismiss Byron Fitchpatrick's claim because (a) he has no statutory standing, since he has not submitted a claim under penalty of perjury, as required by Supplemental Admiralty and Maritime Claims Rule G(5), and (b) he has no standing under Article III, since by his own admission, his interest in the currency was merely possessory, and not an ownership interest.

In his response, Byron Fitchpatrick contends that he has standing under Article III because he was a co-founder, manager, or agent of ABS Rentals. (Dkt. 182 at 3). He also argues he has statutory standing after noting that his wife signed the claim, and citing various cases holding that one spouse may under some circumstances act as an agent for the other. (*Id*. at 9).

The court will deny the government's motion as to Article III standing. "A property interest less than ownership, such as a possessory interest, is sufficient to create standing" under Article III. *United States v. Currency $267,961.07*, 916 F.2d 1104, 1107 (6th Cir. 1990). However, citing *United States v. $290,000.00 in U.S. Currency*, 249 Fed.Appx. 730, 733 (10th Cir. 2007), the government contends that Fitchpatrick has shown at most naked possession of the currency, and thus has no standing to advance a claim. In that case, the court held:

> Last, although the claimant alleged in writing "an ownership and/or a possessory interest in, and the right to exercise dominion and control over, all or part of the defendant property," Aplt. App. at 21, she refused to say at her deposition whether she was the owner of the money. Therefore, the district court correctly held that ownership could not form the basis for standing. As to possession, she failed to establish anything more than naked possession, which does not constitute a sufficient possessory interest to confer standing. In a case with similar facts, the Fifth Circuit held that "[u]nexplained naked possession of a cash hoard ... does not rise to the level of the possessory interest requisite for standing to attack [a] forfeiture proceeding." *United States v. $321,470, U.S. Currency*, 874 F.2d 298, 304 (5th Cir.1989). The Sixth Circuit has likewise held that unexplained naked possession of money is

2

insufficient to confer standing. *See United States v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 498 (6th Cir.1998) (holding that although a property interest less than ownership, such as an assignment or bailment may be sufficient to confer standing, "naked possession" claims are not sufficient without "some explanation or contextual information regarding the claimant's relationship to the seized property").

249 Fed.Appx. at 733.

The court had previously noted the failure of the claimant to articulate any legitimate rationale for her possession of the currency:

> In response to written discovery, the claimant stated: "I picked up the funds in Washington, DC, from a third party. I do not know the address and telephone number of that person and I have no documentation regarding that event." Aplee. App. at 4. At her deposition, the claimant testified that she did not file a federal income tax return for 2000, and reported income on her tax returns of $3,679 in 2001, $13,809 in 2002, and $5,628 in 2003. She further testified that she did not recall telling the trooper that she earned the money giving massages and selling herbs, but refused on Fifth Amendment grounds to answer essentially any questions concerning the $290,000. More specifically: (1) although she testified that she picked up something that belonged to her in Washington, D.C., she refused to say whether it was the money; (2) she refused to say what she put in her backpack in Washington, D.C.; and (3) she refused to say whether she owned the money. Instead, her claim to possession and/or ownership was based on testimony that she placed the money in her backpack on October 7, 2003, while she was in Washington, D.C.

*Id*. at 732.

Here, Fitchpatrick's explanation of his possession of the currency is, if not fully-clothed, still markedly different from the "naked possession" cases. Fitchpatrick has testified that he was a founder of ABS Rentals, and was holding the currency as accumulated rentals. A bailee with a possessory interest in currency has standing under Article III. *See United States v. $38,000.000 Dollars in U.S. Currency*, 816 F.2d 1538, 1544 (11th Cir. 1987). Accordingly, the court will not dismiss the action on asserted lack of Article III standing.

"Statutory standing, based on a verified claim filed within ten days after service of the complaint for forfeiture, is a prerequisite to contest forfeiture of property seized pursuant to drug enforcement laws." *Government of Virgin Islands v. One Honda Accord,* 2001 WL 883559, *3 (Terr. V.I. May 30, 2001). This requirement serves the legitimate government purpose of reducing "the danger of false claims in forfeiture proceedings by informing the court on oath or affirmation that the claimant is entitled to contest the forfeiture action by virtue of his interest in the defendant property." *United States v. $267,961.07*, 916 F.2d 1104, 1108 (6th Cir.1990).

As noted earlier, Fitchpatrick has responded to the government's motion merely by reciting cases which generally hold that marriage may create apparent or implied authority, binding the other spouse in the creation of contracts and thus giving rise to potential civil liability. Perjury, however, is "a criminal concept." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 537 n. 11 (1993) (Souter, J., dissenting). Under federal law, "[t]he elements of perjury are that a witness: (1) gives false testimony; (2) concerning a material matter; and (3) with willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Quarrell*, 310 F.3d 664, 682 (10th Cir. 2002). By its nature, the offense is committed by the witness or by the declarant. A person violating the general perjury statute, 18 U.S.C. § 1621, may be imprisoned for five years. Fitchpatrick has cited to no authority which would hold one spouse subject to criminal perjury charges for the false testimony of the other spouse. Accordingly, the court finds that the claimant Byron Fitchpatrick has failed to establish statutory standing with respect to the defendant currency.

IT IS ACCORDINGLY ORDERED this 18th day of February, 2010, that the plaintiff's Motion to Dismiss (Dkt. 180) is hereby granted.

                                                    s/ J. Thomas Marten
                                                    J. THOMAS MARTEN, JUDGE